FILED

2012 Oct-23  AM 09:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELIZABETH MCELROY, as the** | ) | |
| **Administrator of the Estate of** | ) | |
| **Mary E. Webb,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Number |
| | ) | **2:12-cv-898-AKK** |
| **v.** | ) | |
| | ) | |
| **FAIRVIEW NURSING HOME,** | ) | |
| **et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Defendant SSC Birmingham Operating Company, LLC's ("SSC Birmingham") Motion to Compel Arbitration and Stay Proceedings, doc. 7, which Defendant Savaseniorcare Administrative Services, LLC ("Savaseniorcare") joined, doc. 11, is fully briefed, docs. 14, 21, 25, and ripe for resolution.  After considering the pleadings, evidentiary submissions, and the relevant law, SSC Birmingham's motion to compel arbitration is due to be **GRANTED**.

## I.  Relevant Facts and Procedural History

Fairview Nursing Home admitted Plaintiff Mary Webb on October 26, 2009.  Doc. 1-1 at 10.  Upon her admission, Webb signed a dispute resolution

program contract agreeing that (1) "all disagreements [be] resolved through the

dispute resolution program," (2) the parties[1] waived the right to a judge or a jury

trial, and (3) her "participation in [the program] will benefit and bind [her] family,

heirs, successors, assigns, agents, insurers, trustees, and/or [her] legal

representatives, including the personal representative or executor of [her] estate."

Doc. 7-2 at 3-4.  During her stay at Fairview, Webb's condition required Baptist

Medical Center Princeton to admit her on January 26, 2010, where she

subsequently died on February 11, 2010.  Doc. 1-1 at 10.  On February 10, 2012,

Plaintiff filed this action in Jefferson County Circuit Court, doc. 1-1 at 3, which

Defendants removed to this court on March 22, 2012, doc. 1, and on April 5, 2012,

filed the current motion to compel arbitration and stay the proceedings, doc. 7.[2]

## II.  Analysis

To challenge the motion to compel arbitration, Plaintiff relies on *Entrekin v.*

*Internal Med. Assoc. of Dothan*, 764 F. Supp. 2d 1290, 1294-95 (M.D. Ala. Jan.

---

[1]The contract defined parties as "the resident, any and all family members who would have a right to bring a claim in state court on behalf of the resident or the resident's estate, a legal representative, including a power of attorney for healthcare and/or financial matters or a court appointed guardian, or any other person whose claim is derived through or on behalf of the resident."  Doc. 7-2 at 4.

[2]The court denied the motion initially to afford McElroy the opportunity to present evidence that would demonstrate that the arbitration agreement was invalid because Webb lacked the mental capacity to consent to arbitration.  Doc. 16.  However, McElroy failed to do so.  *See* doc. 21.

19, 2011), for the proposition that "while a decedent's estate is bound to the choices a decedent makes with respect to claims that belong to the decedent, under Alabama law a wrongful death claim does not exist before death and never belongs to the decedent" and that since the decedent Webb was the sole signatory on the arbitration agreement, Plaintiff McElroy as Webb's Estate Administrator "has not agreed to arbitration." Doc. 21 at 2-3. Unfortunately for Plaintiff, the Eleventh Circuit reversed the district court on August 9, 2012, and its decision warrants a finding against Plaintiff. *See Entrekin*, 689 F.3d 1248 (11th Cir. 2012).

The facts in *Entrekin* are similar to those before this court. Specifically, the plaintiff suffered a stroke and, after being hospitalized, was transferred to a nursing home. *Id*. at 1250. Upon admission to the nursing home, the plaintiff signed a dispute resolution agreement that stated that the agreement survived the death of the plaintiff and required binding arbitration of all disputes. *Id*. at 1249-1250. Because the dispute resolution agreement required that the parties construe it in accordance with Alabama law, and because the Alabama Supreme Court is the "final arbiter of state law," *Blue Cross and Blue Shield of Ala., Inc., v. Nielsen*, 116 F.3d 1406, 1413 (11th Cir. 1997), the Eleventh Circuit undertook a review of

Alabama case law regarding the interplay between wrongful death actions[3] and arbitration agreements and determined that "[a]n executor[4] is bound by the same contracts that bound the decedent while she was alive, including an arbitration agreement." *Entrekin,* 689 F.3d at 1254; *Briarcliff Nursing Home, Inc. v. Turcotte*, 894 So. 2d 661 (Ala. 2004) (per curiam); *Carraway v. Beverly Enter. Ala., Inc.*, 978 So. 2d 27 (Ala. 2007); *Tennessee Health Mgmt. v. Johnson*, 49 So. 3d 175 (Ala. 2010).

It is undisputed that the decedent Mary Webb signed the arbitration agreement and that the agreement also bound the executor of her estate to arbitrate the wrongful death claim.  Doc. 7-2 at 3-4.  Therefore, the court **GRANTS** Defendants SSC Birmingham and Savaseniorcare's motion to compel arbitration and retains jurisdiction for the purposes of enforcing the arbitration award, if any.

The court dismisses Defendants Fairview Nursing Home (no such entity exists, *see* doc. 1 at 3), Savaseniorcare, Inc., Savaseniorcare, LLC, Canyon Sudar Partners, LLC, and William J. Tyson since Plaintiff never successfully served the

---

[3]Alabama's wrongful death statute is "the sole, and 'punitive only,' remedy for tortious infliction of death."  *King v. Nat'l Spa & Pool Inst., Inc.*, 607 So.2d 1241, 1248 (Ala. 1992).

[4]"For simplicity, throughout th[e] opinion, [the Eleventh Circuit] use[d] the term 'executor' to refer to administrators, executors, and personal representatives of estates." *Entrekin*, 689 F.3d at 1249 n.1.  Here, Elizabeth McElroy is designated as the Administrator of the Estate of Mary E. Webb.  Doc. 1-1 at 4.

Savaseniorcare entities, *see* doc. 1-1 at 50-51, and failed to provide any proof of service regarding Canyon Sudar Partners or William J. Tyson, *see id*. at 37-49. *See* Fed. R. Civ. P. 41(b); *see also* doc. 12 at 5 ("Any defendant who has not been served with a summons and complaint within 120 days after the filing of the complaint may be dismissed without further order of the court.").  To the extent that Plaintiff succeeded in serving these defendants, Plaintiff failed to notify this court of such service, nor has Plaintiff moved for entry of default in light of these defendants' failure to answer.  Accordingly, these defendants are **DISMISSED** without prejudice.

Done the 23rd day of October, 2012.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE